INHABITANTS OF WEST GARDINER *vs.* INHABITANTS OF HARTLAND.

*Pauper. Statute of Limitations.*

The cause of action originates when the expenses incurred at the Insane Hospital by a town, for the support of an insane pauper, who is not an inhabitant, are paid to the Hospital, and the Statute of Limitations then commences running.

A notice given before such payment would seem to be premature.

ON REPORT.

ASSUMPSIT for support in the Insane Hospital, furnished by West Gardiner, to a person whose settlement was asserted to be in Hartland, on the twenty-first day of April, 1869, when the writ alleged that she fell into distress, and was committed to the Hospital. She was in fact committed there July 20, 1868, but the first board paid by the plaintiffs was from April 21, 1869, which was paid Sept. 27, 1869. May 15, 1869, a notice that she had fallen into distress was sent by the overseers of the poor of West Gardiner, to those of Hartland, who replied, denying liability, on the twentieth day of the same month. The writ was dated Sept. 6, 1871. Judgment, upon the facts reported, was to be entered according to the law of the case.

*A. Libbey*, for the plaintiffs.

Notice may be given after liability incurred and before payment. *Worcester v. Milford*, 18 Pick., 379 ; *Cooper v. Alexander*, 33 Maine, 453.

West Gardiner *v.* Hartland.

*D. D. Stewart,* for the defendants.

APPLETON, C. J. This is an action to recover money paid by the plaintiff at the Insane Hospital, Augusta, for the support of Eliza A. Gray, an insane pauper, whose settlement is claimed to be in the defendant town.

The notice given the defendant town is dated May 15, 1869. The first payment made to the Hospital by the plaintiffs was on Sept. 27, 1869. The notice preceded the payment by more than four months.

The cause of action originates when the expenses incurred by the plaintiffs for the support of the pauper, were paid. *Eastport v. East Machias,* 40 Maine, 280 ; *Bangor v. Fairfield,* 46 Maine, 558. The notice given was premature and of no effect.

If the cause of action were to be regarded as accruing when the plaintiff first incurred a liability at the Hospital, and notice was given the defendant town, then the statute limitation of two years constitutes a bar. R. S. c. 24, § 24. The notice to the defendant town is dated May 15, 1869, and the reply, denying liability, is dated May 20, 1869.

The writ bears the date of Sept. 6, 1871. When an answer denying liability is returned, the cause of action is deemed to accrue at the time the answer is received by the plaintiff town. *Veazie v. Howland,* 53 Maine, 39. More than two years and three months elapsed after the answer was received by the plaintiffs, so that upon the hypothesis last suggested, the action is barred by lapse of time. *Robbinston v. Lisbon,* 40 Maine, 288.

If the right of action accrues when the expense is incurred, then this action is not seasonably commenced ; if it accrues when the payment is made, then notice was given before any right of action accrued; in either contingency, this suit is not maintainable.

*Plaintiffs nonsuit.*

CUTTING, WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.